IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.D., *by and through his parents, Devin Dabney and Via Durham*; DEVIN DABNEY, *individually*, and VIA DURHAM, *individually*,  Plaintiffs, v. AVERY NILES, *Commissioner, Georgia Department of Juvenile Justice, in his Official Capacity*,  Defendant. | CIVIL ACTION NO. 1:15-CV-00063-RWS |

## ORDER

This case comes before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [2] and Motion for Temporary Restraining Order [3]. After holding a hearing and reviewing the record, the Court enters the following Order.

## Background

D.D. and his parents bring this action under 42 U.S.C. § 1983 challenging the Georgia Department of Juvenile Justice's ("DJJ") decision to confine D.D. for 12 to 18 months for an offense which Plaintiffs claim carries a

AO 72A
(Rev.8/82)

statutory maximum of only 30 days of confinement. On October 17, 2014, 16 year-old D.D. was adjudicated delinquent for simply battery and involuntary manslaughter by the Rockdale County Juvenile Court. On October 24, 2014, D.D. was given a disposition of 30 days in confinement and a two-year commitment to DJJ. On November 6, 2014, DJJ held a screening at the Rockdale Regional Youth Detention Center to determine the appropriate placement for D.D. during his two-year commitment. Despite giving positive reviews of D.D., DJJ staff stated that they were required to adhere to DJJ Policy 20.22, which mandates 12 to 18 months of detention in all loss of life cases. Thus, while the juvenile court judge ordered only 30 days of detention, D.D. could apparently spend up to 18 months in confinement.

      Plaintiffs argue that DJJ has no authority to extend D.D.'s detention in this manner. Plaintiffs cite O.C.G.A. § 15-11-601(b), which applies to cases involving "[a]n offense that would be a felony if committed by an adult." O.C.G.A. § 15-11-601(b)(1)(A). Under that statute, "In addition to any other treatment or rehabilitation, the court may order such child to serve up to a maximum of 30 days in a secure residential facility or, after a risk assessment and with the court's approval, in a treatment program provided by DJJ or the

2

juvenile court." Id. § 15-11-601(b)(2). In view of this statute and the juvenile judge's order in this case, Plaintiffs contend that DJJ is violating D.D.'s parents' parental constitutional rights. See, e.g., Prince v. Massachusetts, 321 U.S. 158, 166 (1944) ("It is cardinal with us that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder."). Moreover, Plaintiffs assert that DJJ is violating D.D.'s due process rights by holding him in detention in excess of 30 days and without making an individualized determination as to what is appropriate in his case.

Defendant responded at the TRO hearing that DJJ has the authority to determine the placement of children committed to its custody, which could include a decision to confine a child. Defendant cites O.C.G.A. § 49-4A-8(e), which states that "when a delinquent child has been committed to the department for detention and a diagnostic study for the purpose of determining the most satisfactory plan for such child's care and treatment has been completed, the department may," among other options, "[o]rder such child's confinement under such conditions as the department may believe best designed to serve such child's welfare and as may be in the best interest of the public."

3

O.C.G.A. § 49-4A-8(e)(2).  So, while the juvenile judge could order a maximum of 30 days of confinement, DJJ asserts that the judge's two-year commitment order did not preclude DJJ from placing D.D. in confinement during some portion of that period.

## Discussion

Before a court will grant a TRO, the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest."  KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006).  "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ."  ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

Plaintiffs assert two claims under 42 U.S.C. § 1983: the constitutional parental-rights claim and D.D.'s due process claim.  First, cases involving parental rights have held that the Due Process Clause protects the right of parents to "establish a home and bring up children" and "to control the

4

education of their own." See Meyer v. Nebraska, 262 U.S. 390, 399 (1923); see also Prince, 321 U.S. at 166 (discussing the rights "of parents to give [their children] religious training and to encourage them in the practice of religious belief"). The Court finds that Plaintiffs' claimed right is not what is contemplated by cases defining constitutional parental rights. Plaintiffs do not cite any cases holding that parents' constitutional rights were violated in circumstances similar to this case involving juvenile delinquency.

It further appears that Plaintiffs' parental-rights claim to the custody of their child is necessarily a challenge to the state's authority to detain D.D. Similarly, the due process claim is a challenge to D.D.'s detention. These claims, however, sound in habeas corpus, not § 1983. In that regard, "if a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for a writ of habeas corpus." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 638 (11th Cir. 1990). On the other hand, if a prisoner "seeks only prospective injunctive relief or damages, he does not have to seek habeas corpus relief," and an action under § 1983 is appropriate. Id. To that end, the Eleventh Circuit held in Clark that a prisoner properly brought an action under § 1983 when the prisoner did not seek an immediate release, did

5

not attack his conviction or fact or length of his confinement, and only sought damages and a declaratory judgment that his constitutional rights were violated. See id. at 639. By contrast, here D.D. challenges the constitutionality of DJJ's decision to confine him for 12 to 18 months, a direct attack on the fact or length of his confinement. Accordingly, whether viewed as a violation of parental constitutional rights or a violation of D.D.'s due process rights, the appropriate cause of action here is a petition for a writ of habeas corpus.

Under the federal habeas corpus statute, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a state prisoner may not obtain federal habeas relief unless and until he has exhausted all state court remedies. See id. § 2254(b)(1)(A) (stating that an application for a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State"). Although D.D. administratively appealed the DJJ's decision, Plaintiffs acknowledge they have not exhausted their remedies in Georgia courts. At the TRO hearing, Plaintiffs acknowledged that the remedy of a state habeas action

6

is available. See O.C.G.A. § 9-14-1. Consequently, Plaintiffs have not exhausted their state remedies, and thus the Court cannot consider the merits of Plaintiffs' claims. See Isaac v. Augusta SMP Warden, 470 F. App'x 816, 818 (11th Cir. 2012) ("If a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

## Conclusion

For the foregoing reasons, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction [2] and Motion for Temporary Restraining Order [3] are **DENIED,** and the case **DISMISSED** due to Plaintiffs' failure to exhaust state remedies.

**SO ORDERED**, this   14th   day of January, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)